**Leroy H. KNIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40362.**

Court of Criminal Appeals of Texas.

May 24, 1967.

Rehearing Denied June 28, 1967.

Leslie E. Bauch, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., Douglas Tinker, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery by assault; the punishment, twelve years.

Trial was had subsequent to January 1, 1966.

With the approval of the court, the state abandoned the fire-arm allegation in the indictment. After the dismissal of such allegation, the appellant waived a jury and entered a plea of not guilty before the court to the offense of robbery by assault.

The appellant, in his brief filed in the trial court, contends that the court erred in overruling his motion for new trial on the ground that his constitutional and statutory rights had been violated: That the officers failed to warn and advise him of his right to remain silent, his right to counsel, and also of his right to appointed counsel if indigent.

The testimony of the state reveals that in response to a police radio dispatch made shortly after the robbery of a finance company at 9:45 a. m., that a certain described suspect was then riding in a Yellow Cab, No. 48, traveling toward the airport, the appellant was apprehended in the described cab while stopped at a red traffic light; that the appellant had in his possession two bags, a pistol, and about two hundred dollars in money; that the appellant was not then questioned but taken to the police station where he was identified in a line-up by the employees of the finance company as the man who committed the robbery; that appellant was next taken before Justice of the Peace Dunn, who informed him of the offense with which he was charged, that he had a right to counsel, and if he was indigent, counsel would be appointed for him; that he was informed of his right to an examining trial; that he was taken to the district attorney's office and then to jail.

On the issue of guilt or innocence, the appellant did not testify or offer any testimony.

After finding the appellant guilty, the trial court inquired if either the state or defendant desired to offer any evidence on the issue of punishment.

The state did not offer any evidence. In testifying in support of his application for probation, the appellant admitted committing the robbery as alleged but denied that he had been warned or advised of his rights.

No oral or written statement made by the appellant of any incriminating fact or circumstance was offered in evidence on the trial of the issue of guilt or innocence.

The record reveals no ground for reversal.

The judgment is affirmed.